OPINION
{¶ 1} Lisa Ellis ("appellant"), appeals the decision of the Trumbull County Court of Common Pleas granting summary judgment in Cincinnati Insurance Company's ("Cincinnati") favor. For the reasons that follow, we affirm.
 {¶ 2} On December 9, 1998, appellant, while driving her own vehicle was injured by a negligent, underinsured driver. The underinsured tortfeasor had liability coverage in the amount of $12,500.00. Appellant was insured under State Farm Mutual Auto Insurance Company, and had underinsured coverage of $25,000.00 per person. After the tortfeasor's carrier paid $12,500.00 and State Farm paid its limits of $25,000.00, less a setoff of $12,500.00, the parties all consented to release the tortfeasor.
 {¶ 3} At the time of the accident, appellant was employed by the University of Akron and Renal Disease Management. However, when the accident occurred, appellant was not acting within the course or scope of her employment. The University had an automobile policy with Westfield. Renal Disease Management had an auto policy with Cincinnati Insurance Company. Both employers' automobile policies contained language extending their underinsured coverage to their employees pursuant toScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999),85 Ohio St.3d 660.
 {¶ 4} Appellant made claims upon the underinsured provisions of the University's Westfield policy and Renal Disease Management's Cincinnati policy. Both companies denied coverage. In particular, the Cincinnati policy contains an "other owned vehicle" exclusion which extends coverage to an "insured" when the "insured" is operating a vehicle listed on the insurance policy. As appellant was driving her own vehicle, Cincinnati refused to extend coverage because appellant's vehicle was not expressly identified on the insurance policy. Appellant filed suit alleging breach of the insurance contract. On April 8, 2002, Cincinnati filed its motion for summary judgment seeking enforcement of the exclusion. On June 16, 2003, the trial court granted summary judgment in Cincinnati's favor. The instant appeal ensued.
 {¶ 5} Appellant assigns one error for our consideration:
 {¶ 6} "The trial court erred to the prejudice of the plaintiff in finding that plaintiff was not an insured under the Cincinnati Insurance policy thereby dismissing her claim."
 {¶ 7} An appellate court conducts a de novo review of a trial court's summary judgment entry. Herschell v. Rudolph, 11th Dist. No. 2001-L-069, 2002-Ohio-1688, 2002 Ohio App. LEXIS 1672, at 7. A de novo review necessitates an independent review of the trial court's decision without deference to its determinations. Id. Summary judgment is proper when, after reviewing the evidence most strongly in the nonmoving party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.
 {¶ 8} Initially, the trial court's judgment entry explicitly states that appellant was an insured under Cincinnati's policy pursuant to Scott-Pontzer. As such, appellant's assignment of error misidentifies the thrust of her argument. That said, appellant contends that former R.C. 3937.18(J)(1),[1] the statutory provision governing "other vehicle exclusions" at the time the relevant parties entered their contract, permits an insurance policy to exclude from UM/UIM coverage only those vehicles "owned by, furnished to, or available for the regular use of the named insured" that are not "specifically identified in the policy." Appellant asserts that the vehicle she was driving was not "owned by, furnished to, or available for the regular use of the named insured," and this distinction renders the policy exclusion inapplicable because, statutorily, it can only exclude autos owned by the "named insured," Renal Disease Management, that are not identified in the policy. Pursuant to the Supreme Court of Ohio's recent holding in Westfield Ins. Co.v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, appellant's claim must fail.
 {¶ 9} In Westfield Ins. Co., the Supreme Court of Ohio held that coverage under Scott-Pontzer policies does not extend to losses that do not arise within the scope of employment. The court stated:
 {¶ 10} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 11} In her deposition appellant testified to the facts surrounding her accident:
 {¶ 12} "It was about a quarter till eight on December the 9th. My sister's birthday, that's why I remember the day. And I was taking my grandmother to St. Pius, they were having a memorial mass for my grandfather. I was traveling on — I guess that's Drexel — not Drexel Park, Drexel avenue — Road [and] * * * as I went through the intersection, I could see a car coming. There was a stop sign for him, I didn't have a stop sign. And he came through the stop sign. And I tried to swerve to miss him, but it was too late and he ran into the driver's side of my car."
 {¶ 13} As there is no evidence in the record that appellant's duties at Renal Disease Management involved the transportation of her grandmother to church, the accident occurred outside the scope of her employment. Thus, pursuant to Westfield, supra, appellant's claim must fail as a matter of law.[2] See, e.g., Smith v. RKS Co. (Mar. 26, 2004), 11th Dist. No. 2003-A-0053, 2004 Ohio App. LEXIS 1353, at 7.
 {¶ 14} For the foregoing reasons, appellant's sole assignment of error is overruled and the decision of the Trumbull County Court of Common Pleas is affirmed.
Ford, P.J., Christley, J., concur.
[1] Former R.C. 3937.18(J)(1) permitted a provider to preclude coverage for bodily injury or death suffered by an insured:
"(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, * * *." It is worth noting that Cincinnati's "other owned vehicle" exclusion mirrors the language of former R.C. 3937.18(J)(1).
[2] It is clear that the Supreme Court's holding in Westfield
precludes appellant's argument. However, it is worth noting that the trial court's reasoning is persuasive notwithstandingWestfield. Specifically, the trial court set forth a relevant provision in the policy which identified specific vehicles covered under the policy:
"7. Specifically Described `Autos'
"Only those `autos' described in ITEM 3 of the Declarations for which a premium charge is shown (and for Liability Coverage) * * *"
Appellant owned vehicle she was driving at the time of the accident; however, the vehicle was not specifically covered in the policy. In order to avoid the "other owned vehicle" exclusion under the Cincinnati policy exclusion the vehicle involved in the accident must have been a "covered auto" as one that is in the declaration for which a premium is paid. Since her vehicle was not listed in the policy as a "covered auto," the policy exclusion applies to appellant and she is not covered under the Cincinnati UM/UIM provisions of the policy. Thus, the substantive reasoning undergirding the trial court's judgment entry is also affirmed.